UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**LEIDY HERRERA**
**19300 Circle Gate, Unit 101**
**Germantown, MD 20874**

      **Plaintiff,**　　　　　　　　　　　　　　Civil Action No.: 8:21-cv-1361

**v.**

**FREDERICK CML, LLC**
**4626 Wedgewood Blvd,**
**Frederick, MD 02021**

      **Defendant.**

---

## COMPLAINT
---

Plaintiff Leidy Herrera, for her complaint against Frederick CML, LLC ("Frederick CML"), and respectively avers as follows:

### PARTIES

1. Plaintiff Leidy Herrera is a resident of the state of Maryland.

2. Defendant Frederick CML, LLC. is a business principally based in state of Maryland.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

5. The events giving rise to the claims in this action occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies with the Equal Employment Opportunity Commission and is in possession of a Notice of Right to Sue.

### FACTUAL BACKGROUND

7. Dunkin' Brands, Inc. is a parent company of Dunkin' Donuts Franchising, LLC (collectively hereafter "Dunkin'"), engaged in the business of licensing to franchisees the right to open and operate Dunkin' restaurants using Dunkin' trademarks.  Certain franchisees are also licensed to manufacture Dunkin' products at independently owned and operated Central Manufacturing Location's ("CML's").

8. Frederick CML is licensed to manufacture Dunkin' products at independently owned and operated CML's.

9. Leidy Herrera if of Spanish descent. She was hired by Frederick CML as a Production Manager in or about October 2019. After training in New Jersey, she began working at the Frederick CML facility opened in February 22, 2020 and located in Frederick, Maryland.

10. Herrera was later demoted to a Plant Manager after Frederick CML hired a man named "Wasi" to act as the production manager. Wasi, who is of Ethiopian descent, was hired as a Production Manager in July 2020.

11. Herrera was supervised by Wasi.

## Allegations of Unpaid Overtime

12. Herrera was a salaried employee. As a salaried employee, Herrera was responsible for hiring employees, firing employees, managing employees, and supervise employees. Herrera oversaw four teams at the facility: Production, Finishing, Drivers, and the Sanitation team.

13. Herrera's was mandated to work seven days a week at the Dunkin facility, between 1:00 pm to 9:00 pm. But despite her managerial role, Herrera was forced to perform non-managerial roles daily. For example, after Herrera's shift was over, she was required to drive Frederick CML trucks to deliver donuts for an additional 6 to 8 hours a day between March 2020 to July 2020. Each truck route contained 7 to 8 routes covering 59 regional stores.

14. Herrera was required to drive Frederick CML trucks to drop off doughnuts in various locations. Herrera was required to drive and deliver doughnuts to Silver Spring, Maryland (March 2020), Frederick, Maryland (April 2020), Hagerstown, Maryland (Between June and July 2020) and Martinsburg, West Virginia (between June and July 2020). Herrera physically ran the routes between 11:00 pm to 4:00 am.

15. Herrera was only paid for her scheduled hours of 1:00 pm to 9:00 pm. Even though Herrera worked over 40 hours a week and continuously performed a non-managerial role, Herrera never received any overtime compensation.

### Allegations of Discrimination and Retaliation

16. In early December 2021, Herrera's supervisor Wasi told Herrera that she was "beautiful" and asked Herrera whether she was single. Herrera told Wasi that she was gay or lesbian and that she did not like men.

17. Herrera also later told Frederick CML owners Brent and Stacy, that she was a lesbian.

18. In February 2021, Wasi told Herrera that if a woman in Ethiopia is a lesbian, she would be killed. Herrera told Wasi that this kind of thinking was "crazy."

19. Herrera reported the discriminatory statements from Wasi to owners Brent and Stacy.

20. On February 17, 2021, Herrera was terminated by Wasi.

### CAUSES OF ACTION

#### Count 1: Title VII of the Civil Rights Act of 1964
#### *Hostile Work Environment*

21. Herrera incorporates every preceding paragraph as alleged above.

22. Herrera was subject to discriminatory severe or pervasive conduct by Defendant based on Plaintiff's sex.

23. WHEREFORE, Herrera prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's

fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 2: Title VII of the Civil Rights Act of 1964
*Retaliation*

24. Herrera incorporates every preceding paragraph as alleged above.

25. Herrera engaged in protected activity after complaining of discrimination. She was subsequently terminated because of the protected activity.

26. WHEREFORE, Herrera prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 3: Violation of Fair Labor Standards Act
### (29 U.S.C. § 201 *et seq.*)
*Overtime*

27. Herrera incorporates every preceding paragraph as alleged above.

28. FLSA requires an employer to pay an employee overtime wages in the amount of 1.5 times the employee's base wage for all hours worked each week in excess of 40 hours.

29. At all relevant times Frederick CML was an employer under FLSA and Herrera was an employee eligible for overtime wages under FLSA.

30. Frederick CML is vicariously liable for all the actions of its employees and every other Frederick CML employee involved in the events giving rise to Herrera's Complaint.

31. Frederick CML knew Herrera worked at least 8 overtime hours each workweek, or Frederick CML allowed Herrera to work at least 8 overtime hours each workweek.

32. Frederick CML was required under FLSA to compensate Herrera at the overtime rate of one-and-one-half times a base rate commensurate with his employment for all the overtime hours he worked; however, Frederick CML failed or refused to meet that requirement.

33. Frederick CML's misclassification of Herrera as an employee ineligible for overtime wages and its failure or refusal to pay her overtime wages, as required by FLSA, were willful and not in good faith.

WHEREFORE, Herrera prays for nominal damages; all unpaid overtime wages, in an amount to be proven at trial, plus an equal amount in liquidated damages; pre- and post-judgment interest; attorney's fees and the costs of this litigation; and any other relief the Court deems necessary and appropriate.

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: June 2, 2021

> By: */s/Ikechukwuu Emejuru*
> Ikechukwu Emejuru
> **Emejuru Law L.L.C.**
> 8403 Colesville Road
> Suite 1100
> Silver Spring, MD 20910
> Telephone: (240) 638-2786
> Facsimile: (240)-250-7923
> iemejuru@emejurulaw.com